---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

CHET MICHAEL WILSON,
Plaintiff-Appellant,

v.

JOAN COPPERWHEAT, Director of Lane Co. Parole and Probation, et al.,
Defendants-Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

---

**EXCERPTS OF RECORD**

---

UNIVERSITY OF ST. THOMAS
SCHOOL OF LAW
APPELLATE CLINIC

Lindsay C. Lien
Colin Seaborg
*Certified Law Student
Representatives*

Gregory C. Sisk
*Supervising Attorney*

1000 LaSalle Ave., MSL 400
Minneapolis, MN 55403-2015
651-962-4923

UNIVERSITY OF ARKANSAS
FEDERAL APPELLATE
LITIGATION PROJECT

Thomas Christoph Keller
Britta Stamps
*Certified Law Student
Representatives*

Dustin E. Buehler
*Supervising Attorney*

Robert A. Leflar Law Center
Fayetteville, AR 72701
479-575-6006

Pro Bono Counsel for Plaintiff-Appellant Chet Michael Wilson

# INDEX TO EXCERPTS OF RECORD

| Document (Date, Docket Number) | Page |
|---|---|
| Order (August 26, 2014, Ninth Circuit No. 18-1) | ER 1 |
| Order (May 8, 2014, Ninth Circuit No. 15) | ER 4 |
| Notice of Appeal (Signed Feb. 14, 2013, Mailed Feb. 15, 2013, Received Feb. 19, 2013) | ER 6 |
| Judgment (Jan. 17, 2013, ECF No. 8) | ER 12 |
| Order to Proceed in Forma Pauperis and to Dismiss (Jan. 17, 2013, ECF No. 6) | ER 13 |
| Complaint (November 27, 2012, ECF 2) | ER 18 |
| Complaint Exhibits (November 27, 2012, ECF 2-1) | ER 28 |
| Civil Cover Sheet (November 27, 2012, ECF 2-2) | ER 50 |
| District Court Docket Sheet | ER 51 |

FILED

UNITED STATES COURT OF APPEALS

AUG 26 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHET MICHAEL WILSON,<br><br>                    Plaintiff - Appellant,<br><br>    v.<br><br>JOAN COPPERWHEAT, Director of Lane Co. Parole and Probation; et al.,<br><br>                    Defendants - Appellees. | No. 13-35154<br>PRO BONO<br><br>D.C. No. 6:12-cv-02149-KI<br>District of Oregon,<br>Eugene<br><br><br>ORDER |

Pursuant to this court's May 8, 2014 order directing the Clerk to appoint pro bono counsel, Dustin Buehler, Esq., and the University of Arkansas School of Law, and Gregory Sisk, Esq., and the University of St. Thomas School of Law, are hereby appointed to represent appellant for purposes of this appeal only.  The Clerk shall amend the docket to reflect that Dustin Buehler, Esq., University of Arkansas School of Law, Waterman Hall, 1045 W. Maple St., Fayetteville, AR 72701, Email: dbuehler@uark.edu; and Gregory Sisk, Esq., University of St. Thomas School of Law, MSL 400, 1000 LaSalle Avenue, Minneapolis, MN 55403, Email:gcsisk@stthomas.edu, are pro bono counsel of record for appellant.

KD/Pro Bono

**ER 1**

Within 14 days after the date of this order, pro bono counsel shall register on the court's website for electronic filing/noticing with the Case Management/ Electronic Case Files (CM/ECF) system, if counsel has not already done so.

Within 30 days after the date of this order, appellant shall, and appellees may, complete and submit the Ninth Circuit Mediation Questionnaire. *See* 9th Cir. R. 3-4. The Clerk shall transmit the Mediation Questionnaire to counsel with this order. Counsel shall return it according to the instructions contained in the Mediation Questionnaire.

Briefing shall proceed as follows: the supplemental or replacement opening brief is due October 17, 2014; the answering brief is due December 5, 2014; and the optional reply brief is due February 6, 2015. This appeal shall be calendared for oral argument during the month of April 2015.

**Counsel are advised that this appeal has been expedited and extensions of time for briefing will not be granted absent a showing of extraordinary and compelling circumstances. Appellate ECF requests for streamlined or automatic extensions of time will not be granted, and any such relief must be requested in a written motion pursuant to Ninth Circuit Rule 31-2.2(b).**

The Clerk shall serve this order on appellant, as well as on all counsel. If

**ER 2**

appellant objects to the court's appointment of counsel in this appeal, appellant

shall file a written objection within 14 days after the date of this order.

For the Court:

MOLLY C. DWYER
Clerk of the Court

By: Katie de la Serna
Deputy Clerk

**ER 3**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHET MICHAEL WILSON, | No. 13-35154 |
| Plaintiff - Appellant, | PRO BONO |
| | D.C. No. 6:12-cv-02149-KI |
| v. | District of Oregon, |
| | Eugene |
| JOAN COPPERWHEAT, Director of Lane Co. Parole and Probation; et al., | |
| Defendants - Appellees. | ORDER |

Before: Peter L. Shaw, Appellate Commissioner.

Upon review of the record and the briefing, this court has determined that the appointment of pro bono counsel in this appeal would benefit the court's review. The court by this order expresses no opinion as to the merits of this appeal. The Clerk shall enter an order appointing pro bono counsel to represent appellant for purposes of this appeal only.

The Clerk shall serve this order on the Attorney General for the State of Oregon, who is requested either to enter an appearance in this appeal for the purpose of filing a brief and participating at oral argument, or to file an amicus curiae brief and to appear for oral argument. The attorney general is requested to

KD/Pro Bono

**ER 4**

notify this court in writing within 21 days after the date of this order whether the attorney general will appear on behalf of appellees or as amicus curiae.

Pro bono counsel shall consult with appellant to determine whether: (1) replacement briefing; or (2) supplemental briefing and appellant's previously filed brief will be submitted to the judges deciding this appeal. The court encourages the submission of replacement briefing rather than supplemental briefing. Pro bono counsel shall state on the cover of the opening brief whether it is a replacement brief or a supplemental brief.

The Clerk shall establish a supplemental/replacement briefing schedule. Pro bono counsel shall appear at oral argument. The appeal is stayed pending further order of this court.

If appellant objects to the court's appointment of counsel in this appeal, appellant shall file a written objection within 14 days after the date of this order.

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 19 2013

## UNITED STATES COURT OF APPEALS NINTH CIRCUIT

FILED

FILED01 MAR '13 16:49USDC-ORE    DOCKETED
File Number 6:12-cv-02149-KI    DATE    INITIAL

Chet Michael Wilson,              )
                                  )
    Plaintiff                     )
                                  )
vs.                               )        **NOTICE OF APPEAL**
                                  )
Joan Copperwheat, et al.,

    Defendants

Notice is hereby given that Chet Michael Wilson, in the above named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from an order of dismissal dated January 17th, 2013 on the pretenses that the two year personal injury statute of limitations was up. In fact the suit was mailed November 21st 2012 within the 2-year timeline of the original notice of claim mailed dated and notarized November 22nd 2010. Furthermore the original notice was submitted prior to knowledge of the full extent of damages; damages being the actual length of wrongful imprisonment where I wasn't released until December 15th 2010, nearly a month after the original notice of claim was submitted.

Attached herein is the proof of my submittal of two filings of suit to the US District Court via the mail log here at Oregon State Penitentiary first of which was sent August 26th 2012 but returned unfiled and the second submittal dated November 21st 2012 as well as a copy of the notarization on the original claim dated November 22nd 2010 showing I was within all time guidelines.

Dated this 14th day of February, 2013.

Respectfully Submitted,

Chet Michael Wilson #15009704
2605 State St. Salem, OR. 97310

**Inmate Name:  Wilson, Chet M     Inmate SID.:  15009704**

## Law Library Request

| | Inst. | Room |
|---|---|---|
| | OSP | 361 |

### THIS COMMUNICATION IS NOT COMPLETELY ENTERED INTO THE DATABASE!!!

OSP     : Inmate Location at Time of Communication

| Date on Request: | Date Received: | Date Answered: | Coordinator who Signed: | If different than the Answered Date / Date Coordinator Signed: | Request No. |
|---|---|---|---|---|---|
| 10/26/2012 | 10/26/2012 | | Unsigned | | 152631 |

**Inmate Note(s):**

1 small legal envelope
1) US District Court of Oregon US Courthouse 1000 SW 3rd Avenue Portland, OR 97204-2902

**Staff Note(s):**

mailed 10/26/2012

### The Inmate 'REQUESTED' the following Appointment(s) and/or Time(s)

Equipment Type

| | Description |
|---|---|
| Miscellaneous | Mail Out |

**THE INMATE HAS NO SCHEDULING PER THIS REQUEST!**

---

**Inmate Name:  Wilson, Chet M     Inmate SID.:  15009704**

## Law Library Request

| | Inst. | Room |
|---|---|---|
| | OSP | 361 |

### THIS COMMUNICATION IS NOT COMPLETELY ENTERED INTO THE DATABASE!!!

OSP     : Inmate Location at Time of Communication

| Date on Request: | Date Received: | Date Answered: | Coordinator who Signed: | If different than the Answered Date / Date Coordinator Signed: | Request No. |
|---|---|---|---|---|---|
| 11/21/2012 | 11/21/2012 | | Unsigned | | 154458 |

**Inmate Note(s):**

1 large legal envelope
1) United States District Courthouse Office of The Clerk 710 United Staes Courthouse 1000 SW Third AVE Portland, Oregon 97204-2902

**Staff Note(s):**

mailed 11/21/2012

### The Inmate 'REQUESTED' the following Appointment(s) and/or Time(s)

Equipment Type

| | Description |
|---|---|
| Miscellaneous | Mail Out |

**THE INMATE HAS NO SCHEDULING PER THIS REQUEST!**

ER 7

\# LAST PAGE OF THE ORIGINAL
TORT SUBMITTAL.  ☐

ADMINISTRATOR –
TRANSITIONAL SERVICES MANAGER @ PRCF
3600 13TH STREET
BAKER CITY, OR. 97814

OFFICER HUFF
RESERVE OFFICER @ FLORENCE POLICE DEPT.
9TH ST. AND HEMLOCK
FLORENCE, OR. 97439

JOSEPH DECAMP
SUPERINTENDANT @ OR.C.I
3920 E. ASHWOOD RD.
MADRAS, OR. 97741

RESPECTFULLY SUBMITTED,

/S/

DATED THIS 22 DAY OF November 2010.   CHET MICHAEL WILSON
                                                     SID# 15009704
                                                     ORCI– 3920 E. ASHWOOD RD.
SIGNED OR SWORN BEFORE        MADRAS, OR. 97741
ME ON November 22 BY CHET WILSON.  (541) 325-5630

Judith Jordet

OFFICIAL SEAL
JUDITH JORDET
NOTARY PUBLIC-OREGON
COMMISSION NO. 424159
MY COMMISSION EXPIRES DEC.11, 2011

NOTARY PUBLIC – STATE OF OREGON
MY COMMISSION EXPIRES: Dec. 11, 2011.

C: ON FILE AND TO RISK MANAGEMENT:
1225 FERRY ST. NE. (SALEM. OR 97301

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## CERTIFICATE OF MAILING

FEB 19 2013

FILED _____    _____

DOCKETED _____

DATE        INITIAL

I, Chet M. Wilson, Petitioner pro se herein, hereby certify that on February 15th 2013, I

mailed the following document:

Notice Of Appeal

addressed as follows:

U.S. Court of Appeals, Ninth Circuit
PO Box 193939
San Francisco, CA  94119-3939

Chet M. Wilson, SID #15009704
Oregon State Penitentiary
2605 State Street
Salem, OR  97310

CMW:asg

cc: Chet M. Wilson
    thumb (LA7)

PG 1 OF 4  MAILED 2/15/13

# U.S. District Court
## District of Oregon (Eugene (6))
### CIVIL DOCKET FOR CASE #: 6:12-cv-02149-KI

Wilson v. Copperwheat et al
Assigned to: Judge Garr M. King
Demand: $400,000
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 11/27/2012
Date Terminated: 01/17/2013
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Chet Michael Wilson**                                    represented by   **Chet Michael Wilson**
15009704
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505
PRO SE

V.

**Defendant**

**Joan Copperwheat**
*Director of Lane Co. Parole and Probation*

**Defendant**

**Adam Johnson**
*Lane Co. Probation Officer*

**Defendant**

**Ryan Marvin**
*ODOC Counselor at P.R.C.F.*

**Defendant**

**Ronald B. Miles**
*Designated Reviewing Supervisor at P.R.C.F.*

**Defendant**

**M. Calaway**
*Designated Reviewing Supervisor at P.R.C.F.*

**Defendant**

**Ginger Martin**
*Asst. Director of Transitional Leave Services*

**Defendant**

**Jeff Hanson**
*Transitional Leave Services Specialist*

**Defendant**

**Denise Taylor**
*Management Asst. of Transitional Leave
Services*

**ER 10**

**Defendant**

**Kimberly Hendricks**
*Hearings Administration*

**Defendant**

**Heidi R. Steward**
*Hearings Administration*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2012 | 1 | Application for Leave to Proceed IFP. Filed by Chet Michael Wilson. (gw) (Entered: 11/30/2012) |
| 11/27/2012 | 2 | Complaint. Jury Trial Requested: Yes. Filed by Chet Michael Wilson against M. Calaway, Joan Copperwheat, Jeff Hanson, Kimberly Hendricks, Adam Johnson, Ginger Martin, Ryan Marvin, Ronald B. Miles, Heidi R. Steward, Denise Taylor. No page 1 submitted. (Attachments: # 1 Exhibits, # 2 Civil Cover Sheet). (gw) (Entered: 11/30/2012) |
| 11/27/2012 | 3 | Motion for Appointment of Counsel. Filed by Chet Michael Wilson. (Attachment: # 1 Affidavit of Indigence) (gw) (Entered: 11/30/2012) |
| 11/30/2012 | 4 | **Notice of Case Assignment:** This case is assigned to Judge Garr M. King. (gw) (Entered: 11/30/2012) |
| 11/30/2012 | 5 | Clerk's Notice of Mailing to Chet Michael Wilson of Case Assignment Notice 4 . (gw) (Entered: 11/30/2012) |
| 01/17/2013 | 6 | **ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS.** Plaintiff's provisional *in forma pauperis* status is CONFIRMED. However, plaintiff's complaint is DISMISSED for failure to state a claim. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal is with prejudice. Plaintiff's motion for appointment of counsel 3 is DENIED. This court certifies that any appeal from this order is not taken in good faith. See 28 U.S.C. § 1915(a)(3). IT IS FURTHER ORDERED that plaintiff shall pay the $350.00 filing fee when funds exist. Signed on 1/17/2013 by Judge Garr M. King. (gw) (Entered: 01/18/2013) |
| 01/17/2013 | 8 | **Judgment.** IT IS ORDERED AND ADJUDGED that this Action is DISMISSED, with prejudice. Signed on 1/17/2013 by Judge Garr M. King. (gw) (Entered: 01/18/2013) |
| 01/18/2013 | 7 | Clerk's Notice of Mailing to Oregon Department of Corrections Central Trust Unit of Order to Proceed In Forma Pauperis and to Dismiss 6 . (gw) (Entered: 01/18/2013) |
| 01/18/2013 | 9 | Clerk's Notice of Mailing to Chet Michael Wilson of Order to Proceed In Forma Pauperis and to Dismiss 6 and Judgment 8 . (gw) (Entered: 01/18/2013) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHET MICHAEL WILSON,                                   6:12-cv-2149-KI

        Plaintiff,                                          JUDGMENT

   v.

JOAN COPPERWHEAT, et al.,

        Defendants.

KING, Judge

    Based on the Record,

    IT IS ORDERED AND ADJUDGED that this Action is DISMISSED, with

prejudice.

    IT IS SO ORDERED.

    DATED this ___17th___ day of January, 2013.


                                     _/s/ Garr M. King_____
                                     Garr M. King
                                     United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHET MICHAEL WILSON,                                      6:12-cv-02149-KI

               Plaintiff,                      ORDER TO PROCEED IN FORMA
    v.                                            PAUPERIS AND TO DISMISS

JOAN COPPERWHEAT, et al.,

               Defendants.

KING, Judge

### IN FORMA PAUPERIS/FILING FEE

Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. However, the Clerk of the Court shall not issue process.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $350.00 when funds exist. Plaintiff has authorized the agency having

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

**ER 13**

custody of him to collect the filing fee from his prison trust account. However, plaintiff has had *de minimus* funds for the six months immediately preceding the filing of his complaint. Accordingly, the court shall not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(2). When funds exist, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full. <u>Id.</u>

<b><u>ORDER TO DISMISS</u></b>

**I.  <u>STANDARDS</u>.**

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, give rise to a plausible inference that defendants violated plaintiff's constitutional rights. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556-57

2 - ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II.  **DISCUSSION**.

Plaintiff brings this action against Lane County and Oregon Department of Corrections officials complaining that his transitional leave was revoked in violation of his constitutional rights. Plaintiff sets forth three claims for relief. Plaintiff's first claim for relief is brought pursuant to 18 U.S.C. §§ 241, 242 and 1001. Because those criminal statutes do not create a private right of action for civil liability, plaintiff's first claim for relief fails to state a claim. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).

Plaintiff's second and third claim for relief raise constitutional claims which are properly before this court pursuant to 42 U.S.C. § 1983. Oregon's two-year personal injury statute of limitations governs the timeliness of a § 1983 action in this court. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002);

3 - ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  A cause of action accrues, for purposes of calculating the limitation period, when the plaintiff knows or has reason to know of the injury which is the basis of his action.  Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).

In the instant proceeding, it appears from the face of the complaint, and the attachments thereto, that plaintiff knew of his injury (the revocation of his transitional housing), no later then August 24, 2010, when Denise Taylor, Management Assistant, Transitional Services Division of the ODOC, wrote plaintiff advising him that he had exhausted all possible remedies, that the matter is closed, and the department would respond to no further inquiries from plaintiff.  See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (limitations period tolled while prisoner completes mandatory exhaustion process).  Plaintiff filed his complaint more than two years later on or about November 21, 2012.[1]  Accordingly, plaintiff's second and third claims for relief are subject to dismissal on the basis that they are untimely.

## CONCLUSION

Plaintiff's provisional *in forma pauperis* status is CONFIRMED. However, plaintiff's complaint is DISMISSED for failure to state a

---

[1] For purposes of determining the timeliness of the complaint, this court has used the signature date of plaintiff's complaint. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

claim.    Because  it  is  apparent  that  the  deficiencies  of  the
cmoplaint  cannot  be  cured  by  amendment,  the  dismissal  is  with
prejudice.  Plaintiff's  motion  for  appointment  of  counsel  (#3)  is
DENIED.  This  court  certifies  that  any  appeal  from  this  order  is
not  taken  in  good  faith.  See  28  U.S.C. § 1915(a)(3).

IT  IS  FURTHER  ORDERED  that  plaintiff  shall  pay  the  $350.00
filing  fee  when  funds  exist.  The  Oregon  Department  of  Corrections
shall  collect  payments  from  plaintiff's  prison  trust  account  and
shall  forward  those  payments  to  the  Clerk  of  the  Court  in
accordance  with  the  formula  set  forth  above  until  a  total  of
$350.00  has  been  collected  and  forwarded  to  the  Clerk  of  the  Court.
The  payments  shall  be  clearly  identified  by  the  name  and  number
assigned  to  this  action.

The  Clerk  of  the  Court  is  directed  to  send  a  copy  of  this
order  to  Oregon  Department  of  Corrections,  Central  Trust  Unit,  2575
Center  Street,  Salem,  Oregon  97310.

IT  IS  SO  ORDERED.

DATED  this  ___17th___  day  of  January,  2013.


                                   /s/ Garr M. King
                                   Garr  M.  King
                                   United  States  District  Judge

Chet Michael Wilson
O.S.P.  SID# 15009704
2605 State Street
Salem, Oregon 97310

Filed

RECVB 27 NOV '12 10:35 USDC-ORP

Gw

## TABLE OF CONTENTS

### COMPLAINT

Pgs.1-11: Civil complaint w/ cover sheet

6:12 - CV - 2149   KI

### EXHIBITS

#1. Pgs.1-3: OARs.

  Pg.4: CD1497.

#2. Pg.5: Authorized AIP failure. (CD1428)

#3. Pg.6: Atty. Letter to Ginger Martin dated June 14th, 2010

  Pg.7: Response from Ginger Martin.

#4. Pg.8: Original Misconduct Report from Adam Johnson, Ryan Marvin, and Ronald B. Miles.

  Pg.9: Findings of Fact and conclusions from hearing dated 8/5/2010.

  Pg.10: Memo from Pete Sturdevant to Kimberly Hendricks and Scott Fritz.

  Pg.11: Public Records of correspondence between Denise Taylor, Adam Johnson, Heidi R. Steward, Scott Fritz, Kimberly Hendricks, Cindy D. Booth, and Jeff Hanson.

  Pg.12: Memo dated 5/27/10 from Cindy Mazakowski to Adam Johnson showing she wasn't available for appt.

  Pgs.13-14: Atty Letter dated 10/27/10 to Ginger Martin outlining defendants misconduct.

  Pg.15: Second Misconduct Report resubmitted.(Dismissed on 12/2/10)

#5. Pgs.16-17: Kites to Martin intercepted by Taylor.

  Pgs.18-21: Correspondence to and from Scott Fritz with misguiding information.

  Pg.22: Response by Denise Taylor intercepting a letter intended for Jeff Hanson.

Page 2 of 11-COMPLAINT

ER 18

FILED27 NOV '12 10:35USDC-ORP

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

CHET MICHAEL WILSON,
Plaintiff,

V.

JOAN COPPERWHEAT, Director
of Lane Co. Parole and Probation;

ADAM JOHNSON, Lane Co.
Probation Officer;

RYAN MARVIN, ODOC
Counselor at P.R.C.F.;

RONALD B. MILES, Designated
Reviewing Supervisor at P.R.C.F;

M. CALAWAY, Designated
Reviewing Supervisor at P.R.C.F

GINGER MARTIN, Asst. Director
of Transitional Leave Services;

JEFF HANSON, Transitional Leave
Services Specialist;

DENISE TAYLOR, Management
Asst. of Transitional Leave Services

KIMBERLY HENDRICKS,
Hearings Administration;

HEIDI R. STEWARD, Hearings
Administration;

*et al…..

Case No. 6.'12 - CV - 2149   KI

COMPLAINT

(Civil Rights under 42 USC §1983)

Jury Trial Demanded

Page 3 of 11-COMPLAINT

ER 19

I.

A.       I Chet Michael Wilson, have never brought any previous cases to the Court of United States previously to this date as a prisoner or otherwise.

II.

A. I am currently confined at Oregon State Penitentiary; 2605 State St. Salem, Oregon 97310 on a separate matter than related to this case in which relief is sought.

B.  During the process leading up to and filing Tort in this matter, all possible avenues of grievance and informal request for relief were exhausted during my incarceration in D.R.C.I. and C.C.C.I. between May 2010 and December 2010. Upon plaintiff's receipt Writ of Habeas Corpus and Tort Claim mailed to the Solicitor General December 7th 2010 I was ordered to be immediately released from prison and was released December 15th 2010.

III. PARTIES

Plaintiff:     Chet Michael Wilson
              O.S.P.  SID# 15009704
              2605 State St. Salem, OR. 97310

Defendants:

1. Adam Johnson is employed as a Lane County Probation Officer at Lane County Parole and Probation; 135 E. 6th Ave. Eugene OR. 97401

2. Ryan Marvin is employed as ODOC Counselor at P.R.C.F. 3600 13th St. Baker City, OR. 97814

Page 4 of 11-COMPLAINT

ER 20

3. Ronald B. Miles is employed as Food Service Manager/ Designated Reviewing Supervisor at P.R.C.F. 3600 13th St. Baker City, OR. 97814

4. M. Calaway is employed as Designated Reviewing Supervisor at P.R.C.F. 3600 13th St. Baker City, OR. 97814

5. Ginger Martin is employed as Asst. Director of T.L. Services at 2575 Center St. Salem, OR. 97310

6. Jeff Hanson is employed as Transitional Leave Services Specialist at 2575 Center St. Salem, OR. 97310

7. Denise Taylor is employed as Management Assistant of T.L. Services at 2575 Center St. Salem, OR. 97310

8. Kimberly Hendricks is employed as Hearings Administrator at 2575 Center St. Salem, OR. 97310

9. Heidi R. Steward is employed as Hearings Administrator at 2575 Center St. Salem, OR. 97310

10. Joan Copperwheat is acting Director of Lane County Parole and Probation at 135 E.6th Ave. Eugene, OR. 97401

11.... et al...


***All defendants were employed in the above positions between May 1, 2010 and December 31, 2011; the timeline relevant in reference to this suit and all parties named above as well as any unnamed are sued in their official and personal capacities.

## IV. CAUSE OF ACTION

On 5/27/2010, Ryan Marvin, Ronald B. Miles, and Adam Johnson did conspire to injure, oppress, threaten and intimidate me (a U.S. Citizen) and deprive me of my free exercise and enjoyment of the rights and privileges secured to me by the constitution and the laws of the United States in violation of Title 18 U.S.C.A. subsection 241 and 242 in the following manner:

Ryan Marvin, Ronald B. Miles, and Adam Johnson all simulated legal process in violation of Title 18 U.S.C.A. subsection 1001 and in violation of Oregon Statute ORS 162.355 when they conspired to falsify documentation to issue a program failure as an excuse to revoke my Transitional Leave in order to gain jurisdiction and control over Plaintiff for the purpose of imprisonment which is an unwarranted usurpation of power.

Ryan Marvin, Ronald B. Miles, and Adam Johnson did not follow Oregon Administrative Rules(OAR's) in that I should not have been returned to ODOC until after I had been provided with a hearing, which is an obstruction of justice in violation of Title 18 U.S.C.A subsection 1501-1503 which violated my FIRST AMENDMENT Constitutional right to petition the government for a redress of grievances; it violated my FIFTH and FOURTEENTH Amendment constitutional rights to due process and equal protection of laws, immunities, and privileges as other US Citizens similarly situated under the same circumstances as myself (OAR 291-062-0150[3]) and OAR 291-058-0046[4]), which illegally subjected me to cruel and unusual punishment in prison and involuntary servitude in violation of the Eighth and Thirteenth Amendments, which further deprived me of my freedom of movement in a free society in violation of the Fourteenth Amendment to the Constitution.

In addition to the government misconduct of the above named parties, the remaining named and unnamed defendants became co-conspirators in a criminal chain like conspiracy to cover up an overall miscarriage of justice committing criminal act or functions in their individual and collective capacities at all relevant times acting under color of state law. Under Payne vs. Black (federal), 714

Page 6 of 11-COMPLAINT

F.2d 1540 (1984), state prisoners have the right to expect prison officials to follow state laws as well as their own prison policies, regulations, and controlling authorities.

Finally, in reference to the included and remaining named and forthcoming defendants; Oregon State Constitution Article VII (original) section19; and Article (amended) section 6 outline incompetency and malfeasance of public officers: "Public officers shall not be impeached; but incompetency, corruption, malfeasance or delinquency in office may be tried in the same manner as criminal offences, and judgments may be given of dismissal of office and such other punishments as may have been prescribed by law."

## V.STATEMENT OF CLAIM

### CLAIM I.

In violation of **Title 18 U.S.C.A § 241 & 242; § 1001,** all defendants failed to follow the controlling authority outlining actions and simulated processes to secure Plaintiff's civil rights in the following manner:

A. On May 27, 2010 **Adam Johnson**, with **Ryan Marvin** and **Ronald B. Miles'** approval, arrested Plaintiff while successfully participating in the final phase of the AIP program (Transitional Leave portion) (see Exhibit #2, pg.5) without notification of the reasons for removal Plaintiff is entitled to per OAR 291-062-0150 and in violation of OAR 291-058-0046(9) (see Exhibit #1, pg.3 highlights process of actual document and pg.4; CD1497) stating in the relevant part: "The CD1497 was developed specifically for T.L. inmates" and "It shall be used when serving notice of rights to inmate" This crucial document was never presented to Plaintiff in order for him to make an informed decision about whether or not he wanted a hearing or not prior to imprisonment.

Page 7 of 11-COMPLAINT

**ER 23**

B. If and when found guilty of listed violations the only outlined action would be a 5 day sanction in county jail per OAR 291-058-0046 (see exhibit #1, pgs. 1-3) No legal processes or controlling authority allow plaintiffs return to a DOC facility prior to being found guilty of a Major rule violation, which states in the relevant part of OAR 291-062-0150(3) "Disciplinary Removal/ Suspension: An Inmate who **After a hearing**, is found to have committed a **Major** rule violation, may be removed from the program and transferred to another Dept. of Corrections facility at the discretion of the Functioning Unit Manager or Designee" (see exhibit #2, pg.5) showing **Ronald B. Miles** the same date of Plaintiff's arrest simulating legal process by violating the above mentioned OAR authorizing the removal prior to outlined policy.

**Title 18 U.S.C.A § 1001** as stated **Under Payne vs. Black (federal), 714 F.2d 1540 (1984),** state prisoners have the right to expect prison officials to follow state laws as well as their own prison policies, regulations, and controlling authorities which all listed defendants have violated as shown above.

## CLAIM II.

In violation of Plaintiff's **Fifth and Fourteenth Amendment Constitutional Right** to due process and equal protection of laws, immunities, and privileges other US citizens depriving plaintiff of his freedom of movement in a free society as outlined below.

A. June 14th Plaintiff's Attorney wrote **Ginger Martin** a letter with attached documents clearly refuting all violations in their entirety (see exhibit #3, pg.6) and referenced in forthcoming letter from Plaintiff's atty. (see exhibit #4, pg.13 highlighted) showing her participation in maintaining fraudulent jurisdiction over him while ignoring his innocence and simulating legal process (see exhibit #3, pg.7)

B. On June 25th, 2010, **Adam Johnson,** knowing his allegations to be false all along, conspiring with **Ryan Marvin** and **Ronald B. Miles** while ignoring evidence clearly showing Plaintiff's innocence, submit a Misconduct Report against him on refuted charges to draw out the unlawful imprisonment. (see exhibit #4 pg.8) then after waiting two months in prison, Plaintiff is found not guilty of fabricated and simulated evidence known all along to be false. (See exhibit #4, pg.9) Then to further expose the collective malfeasance and delinquency of this collective criminal chain conspiracy, Pete Sturdevant on September 1st 2010 in a memo to **Kimberly Hendricks**, outlines this mishandled use of power and expresses his concerns of the continued violation of Plaintiff's rights. (See exhibit #4, pg.10)

C. Instead of helping secure Plaintiff's rights, **Kimberly Hendricks, Denise Taylor, Scott Fritz, Adam Johnson, Ryan Marvin, Ginger Martin, Heidi R. Steward,** and **Jeff Hanson** all correspond via memo (see exhibit #4 pg.11) between each other in an attempt to justify the reasoning for Plaintiff's imprisonment and resubmit previously refuted charges from original hearing findings (see exhibit #4 pg.9) in another M.R. on October 27th 2010 (see exhibit #4, pg.15) against Plaintiff while all along knowing all allegations to be false.

D. Between June 1st 2010 and November 22nd 2010, plaintiff and his atty. wrote numerous correspondence to defendants, most of which were ignored except (see exhibit #5 pgs.16, 17, and 22) where **Denise Taylor** intercepts communications intended for Ginger Martin and Jeff Hanson as well as **Scott Fritz** (see exhibit #5 pgs.18-21) attempting to misguide Plaintiff and intimidate him furthering the collective participation in this blatant and continued obstruction of justice.

## CLAIM III.

Finally, in reference to the defendants listed, and of the above named and forthcoming defendants and their supervisors; **Joan Copperwheat**, supervisor of **Adam Johnson** and those forthcoming have

shown incompetency and delinquency of office in failure to hire and/or oversee that employees under
them follow the laws and competently act lawfully in all capacities within their control.

## VI. RELIEF

A. Plaintiff requests permanent injunctive relief in the form of a criminal investigation be initiated per
**Oregon State Constitution Article VII § 19 (orig) and VII § 6 (amended)** which outlines
incompetency and malfeasance of public officers: "Public officers shall not be impeached; but
incompetency, corruption, malfeasance, or delinquency in office may be tried in the same manner as
criminal offences and judgments given of dismissal of office and such other punishments as may be
prescribed by law.

B. Plaintiff seeks compensatory damages of $400,000.00 for relief of individual and collective
wrongdoings directly surrounding Plaintiff's illegal incarceration between May 27th, 2010 through
December 15th, 2010, and relief for the permanent physical, financial and emotional damages to
Plaintiff and his family by means of illegal and false imprisonment directly related to individual and
collective wrongdoings. Furthermore plaintiff requests all parties found at fault to be reprimanded
and/or removed from the position they have falsely used as disguise to violate the rights due to
Plaintiff.

C. Plaintiff requests award of all costs incurred including attorney fees and expert witness fees where
incurred.

D. Granting of such further relief as the court might deem necessary and prudent.

## VII. DECLARATION

Plaintiff, Chet Michael Wilson, upon being sworn under penalty of perjury, does swear that all of the preceeding facts set forth inclusive in the above complaint and attached exhibits are true and correct and are a product of Plaintiff's personal knowledge.

Dated this 21ˢᵗ day of *November* 2012

Respectfully submitted by,

_____
Plaintiff/Pro Se

Chet Michael Wilson,
O.S.P.   SID#15009704
2605 State Street
Salem, OR. 97310

Page 11 of 11-COMPLAINT

6:12 - CV - 2149    KI EXHIBIT #1  ph.1 OF 22

**Attachment A**
## ADMINISTRATIVE SANCTIONS SANCTIONING GRID

| SYSTEM RESPONSE | BEHAVIOR LEVEL I | BEHAVIOR LEVEL II | BEHAVIOR LEVEL I |
|---|---|---|---|
| Fails to report truthfully or notify Probation Officer as directed. | Prohibited use of alcohol and/or drugs (1 or 2 times) or fails to submit to testing. | Crimes with Crime Seriousness Scale of 3 and less (Sentencing Guidelines Grid). | Crimes with Crime Seriousness Scale of 4 and above (Sentencing Guidelines Grid) and all Person-To-Person Crimes. |
| Willfully fails to meet payment schedule. | Misses appointments (1 or 2 times) for treatment programs. | Participates irregularly and fails to successfully complete prescribed treatment programs; takes prescribed psychotropic medications irregularly. | Possession or use of dangerous/deadly weapons |
| NOTE: SYSTEM RESPONSE TO BE USED WHEN OTHER RESPONSES ARE NOT APPLICABLE | Refuses to accept personal responsibilities. | Fails to take antabuse. | Prohibited contact with minors/victims/survivors. |
| | Willfully fails to meet Restitution/Compensatory Fine payment schedule | Prohibited use of alcohol and/or drugs or fails to submit to testing (3 or more times). | Refusal to take prescribed psychotropic medications. |
| Level of Authority for Parole / PPS | | Fails to recognize the authority of the Releasing Authority or Probation Officer and consistently fails to follow the directives of the Releasing Authority and probation officer related to conditions of supervision not otherwise listed. | Refusal to participate in or comply with conditions of prescribed treatment programs. |
| Parole/Probation Officer:    0-30 units  Agency/Hearings Officer:    31-60 units  Supervisory Authority/Board: 61-90 units | | | *Refuses to comply with imposed sanctions. |
| Level of Authority for Probation  Agency    up to 60 units  Court:    over 60 units | | Non-authorized association with individuals or groups in violation of Court/Board orders | **Absconds supervision (See notation below). |

| Supervision Level | SECTION 1 CRIME SERIOUSNESS/CRIMINAL HISTORY GRID (7A, 8A-8D, 9, 10, 11) | | | |
|---|---|---|---|---|
| HIGH | 0-5 UNITS | 0-25 UNITS | 0-90 UNITS | 0-90 UNITS |
| MEDIUM | 0-2 UNITS | 0-20 UNITS | 0-30 UNITS | 0-90 UNITS |
| LOW | 0-2 UNITS | 0-15 UNITS | 0-25 UNITS | 0-90 UNITS |

| Supervision Level | SECTION 2 CRIME SERIOUSNESS/CRIMINAL HISTORY GRID (4A-4B, 5A-5F, 6, 7B-7I, 8E-8I) | | | |
|---|---|---|---|---|
| HIGH | 0-5 UNITS | 0-20 UNITS | 0-25 UNITS | 0-90 UNITS |
| MEDIUM | 0-2 UNITS | 0-15 UNITS | 0-20 UNITS | 0-90 UNITS |
| LOW | 0-2 UNITS | 0-10 UNITS | 0-15 UNITS | 0-30 UNITS |

| Supervision Level | SECTION 3 CRIME SERIOUSNESS/CRIMINAL HISTORY GRID (1, 2, 3, 4C-4I, 5G-5I) | | | |
|---|---|---|---|---|
| HIGH | 0-5 UNITS | 0-15 UNITS | 0-20 UNITS | 0-90 UNITS |
| MEDIUM | 0-2 UNITS | 0-10 UNITS | 0-15 UNITS | 0-30 UNITS |
| LOW | 0-2 UNITS | 0-5 UNITS | 0-10 UNITS | 0-25 UNITS |

*An offender can be required to complete the balance of a previously imposed sanction that was not complied with, in addition to receiving a new sanction for failing to comply with imposed sanction.

**Abscond: Changed residence, do not know whereabouts; supervising officer has exhausted all reasonable means to locate and has requested a warrant.

☞ The sanctioning units are caps only. The sanctioning authority may impose sanctions below the cap.
**Version date:** April 15, 2008

(1)

ER 28

**291-058-0046    Imposition    of    Administrative    Sanctions/Interventions    on Transitional Leave Inmates**

(1) The process to impose administrative **sanctions** or interventions on inmates on short-term transitional leave shall be the same as for offenders on probation, parole, post-prison supervision, and compact cases with the restrictions listed in subsections (2) through (9) below.

(2) Only violations in the "System Response"; "Behavior Level 1"; and "Behavior Level 2" columns on the Administrative **Sanctions Sanctioning** Grid (Attachment A) shall be addressed with an administrative **sanction** or intervention response.

(3) Violations found to be in the "Behavior Level 3" of Attachment A shall be addressed in accordance with the Department's rule on Short—Term Transitional Leaves, Emergency Leaves and Supervised Trips, specifically OAR 291-063-0036(2) and (3).

(4) If the indicated level of **sanction** response is considered to be insufficient to address the seriousness of the violation behavior, a higher level of **sanction**, up to and including returning the inmate to a Department of Corrections facility, may be imposed only after consultation and agreement of the unit supervisor.

(a) For revocation recommendations under this section, an inmate may be returned to the releasing institution only after consultation with the unit supervisor and the agreement of the institution functional unit manager or designee.

(b) For revocations, supervising officers shall use the process outlined in subsection (3) above.

(5) Section 3 Crime Seriousness/Criminal History Grid (1, 2, 3, 4C-4I, 5G-5I) on Attachment A shall be used for all inmates on short-term transitional leave regardless of where they would be placed on the Sentencing Guidelines Grid.

(6) The maximum number of units available for short-term transitional leave violations shall be determined by the process outlined in 291-058-0045 with the above listed limitations in subsections (2) and (3) above.

(7) Use of jail **sanctions** for inmates on 90-day transitional leave from an Alternative Incarceration Program (AIP) must be agreed upon by both Department of Corrections and the local county. A jail **sanction** cannot exceed three days. Credit for **sanction** units for work crew, community service, restitution or work release centers, and house arrest shall be distributed according to Attachment B.

oradmn                                              1

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.





(8) **Sanction** reports shall be forwarded to the releasing institution. The institution functional unit manager or designee shall have the override authority of other releasing authorities. The **sanction** report shall be submitted via FAX transmittal or electronically the same day the **sanction** is imposed. The institution functional unit manager or designee may override the given **sanction** at any time without time limitations.

*WAS NEVER*
*GIVEN THIS*
(9) The Notice of Rights form (CD 1497) developed specifically for violations of short-term transitional leave shall be utilized when serving the Notice of Rights to the inmate.

*FORM WHICH*
*ALLOWS ME TO*
ED. NOTE: Tables referenced are not included in rule text.

*ACCEPT A JAIL*
*SANCTION*
**AUTHORITY**

*IF I HAD EVEN*
*BEEN IN VIOLATION*
*FIRST PLACE.*
*IN THE FIRST*
Statutory Authority:ORS 137.592, 137.593, 137.595, 144.104, 144.106, 144.108, 144.600, 144.615, 179.040, 423.020, 423.030 & 423.075

Statutes Implemented: ORS 137.592, 137.593, 137.595, 144.104, 144.106, 144.108, 144.600, 144.615, 179.040, 423.020, 423.030 & 423.075

**HISTORY**

History: DOC 8-2009, f. & cert. ef. 5-29-09; DOC 16-2009(Temp), f. & cert. ef. 10-1-09 thru 3-30-10

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.





ER 30

*Pg 4 of 22*

# Transitional Leave
## Notice of Rights/Decision About Rights

| Offender Name: | SID: |
|---|---|

**Right to Violation Hearing**

You have been provided with a violation report describing alleged violation behavior. You are entitled to a hearing on the alleged violation(s) if you so request. The purpose of the hearing is to determine if there is probable cause to believe you have violated one or more conditions listed on the Violation Report. The hearing will be conducted by an impartial institution hearings officer who will make findings, conclusions, and recommendations to the superintendent of the institution. **You will be returned to a Department of Corrections Facility for the disciplinary hearing to be conducted.**

**Structured Sanctioning Process**

Instead of a violation hearing before an institution hearings officer, you may choose to participate in the structured sanctioning process where your supervising officer will continue your transitional leave and impose a structured sanction(s) based upon your violation behavior, your criminal history, and your level of supervision. Structured sanctions may include one or more of the following: community service; work crew; house arrest; or confinement in a work release/restitution center. If you choose to participate in the structured sanctioning process your supervising officer may not terminate your transitional leave for this violation and may not impose a sanction in the local jail. The superintendent may override whatever sanction is imposed by the supervising officer and impose whatever sanction deemed appropriate, up to and including termination of your transitional leave and your return to Department of Corrections custody.

**Waiver of Violation Hearing**

You have the right to waive your violation hearing by checking the appropriate box and signing this form. If you waive your right to a violation hearing you admit violating the conditions of supervision as alleged and accept the sanction offered by your supervising officer.

---

### Sanction(s)/Intervention(s) to be imposed:

I understand the rights contained in this notice and I:

☐ _____ **do** want a hearing. I understand I will be returned to the Department of Corrections and the hearing will be conducted while in the custody of the Department of Corrections.

☐ _____ **do not** want a hearing.

    ☐ _____ I admit, or do not contest, the violations as alleged by my supervising officer.

    ☐ _____ I accept the structured sanction offered by my supervising officer.

    ☐ _____ Having waived my right to a hearing, I consent to the modification of conditions and/or the structured sanction(s) to be imposed as listed above. I understand that my Department of Corrections' Counselor will receive a copy of this violation and the Department of Corrections may take actions separate of sanctions imposed at this time up to, and including ordering my return to a Department of Corrections Facility.

*Indicate your choice above by checking the appropriate box(s) and writing your initials on the line.*

---

I have read, or had read to me, and fully understand and acknowledge this Notice of Rights and my decisions about those rights.

CD1497 5/2009

*NEVER (4) RECEIVED THIS from ADAM JOHNSON PER 291-058-0046 (9)*

ER 31

## Alternative Incarceration
## Findings and Recommendation

**Pg. 5 of 22**



**Inmate Name:**    WILSON, CHET    EXHIBIT #2

**Inmate SID:**    15009704

**Community (for SUMMIT only):**

**ISSUE:** Inmate Wilson has violated his conditions of transitional leave. Wilson has frequented taverns, he has failed to report to his PO and he has changed residences without the permission of the PO.

**RECOMMENDATION**    ALL DISMISSED IN RECORD

☐ AIP Program Failure – Institution Phase (ineligible for Program Earned Time Credits for this review)

X AIP Program Failure – Transitional Leave Phase (ineligible for Program and Conduct Earned Time Credits for the TL period)

☐ Administrative Removal (eligible for Program Earned Time Credits for this review)

☐ Recycle (SUMMIT Only)

☐ Return to AIP Program

☐ Other _____

**REASON FOR RECOMMENDATION:**

Action taken by Superintendent or Superintendent's designee:

Approved  XXX    Denied    _____

Comments _____
_____
_____

_Rnald B Mil L. K. Neff_                    ___05.27.2010___    BEFORE HEARING
Superintendent's/Designee's Signature         Date              ON INVESTIG

Must fax to OISC if findings result in a removal from the program or a change to the inmate's transitional leave begin date and/or transitional leave end date. Fax: 503.570.6904

If the transitional leave begin date and/or end date will change then an amended "Preliminary Transitional Leave Notification" form must also be emailed to OISC. Email: dl OISC PTACU



Mar. Rev 12/8/09
**ER-32**
CD1428

*Larry R. Roloff*
*Attorney at Law*
132 East Broadway, Suite 233
Eugene, Oregon 97401
Telephone (541) 686-8695
Fax (541) 686-8751

*Pa. 6 of 22*

# EXHIBIT #3

June 14, 2010

Ginger Martin
2575 Center Street, North East
Salem, Oregon 97301

RE:   Chet Michael Wilson, SID No. 15009704
      Termination of Transitional Leave

Dear Ms. Martin:

This office represents the interests of Chet Michael Wilson. It is my understanding that his transitional leave has been terminated. I do not have the specific allegations for termination nor have I seen a report in reference to the concerns of his probation officer. However, my client has indicated that in conversations with him certain allegations were made which he has addressed in letters and other documents which I am submitting with this letter.

I have advised Mr. Wilson to formally request a hearing and appeal in reference to this termination. That letter should be forthcoming. The documents we are submitting should be considered part of that appeal.

If anything further is required or an additional information is requested that will assist you in your review of this matter, please contact this office and we will make every effort to provide you with anything you may require. Thank you for your attention to this matter.

Sincerely yours,

Larry R. Roloff

LRR/br/wilson(gingermartin)

enclosures

*[handwritten:] NONE OF THE DOCUMENTS my ATTY. SUBMITTED WERE INCLUDED AS ASKED IN THIS LETTER FROM my ATTY. TO MS. GINGER MARTIN. AS SHOWS IN HER DENIAL L & OBSTRUCTION OF DUE PROCESS ON THE NEXT PAGE*

(6)

**ER 33**

PG. 7 OF 22

# Oregon

Theodore R. Kulongoski, Governor



**Department of Corrections**
Transitional Services Division
2575 Center Street NE
Salem, OR 97301-4667
Phone: 503-945-9055
FAX: 503-373-1173

July 13, 2010

Chet Michael Wilson
15009704
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, Oregon 97741

Dear Mr. Wilson:

This letter is in response to your request for an administrative review of your transitional leave violation. I have corresponded with staff and reviewed documents pertaining to your request.

Your request for review indicates that you disagree with the allegations made by the parole officer in his violation report. According to that report, you entered into an establishment where alcohol was the primary source of revenue and failed to remain at an approved residence. My office contacted the Florence Police Department and was informed that you were positively identified by Reserve Officer Huff of the Florence Police Department as being in the Travelers Cove bar in the late evening. In addition, your father indicated in a letter sent to this office that you were not staying at his residence as was approved by your parole officer. In speaking with your parole officer he noted that you were "...behaving marginally" on transitional leave.

NOT A BAR

As the information received by this office corroborates all of the allegations made in the parole officer's report, your request for return to transitional leave is denied.

Sincerely,

Ginger Martin
Assistant Director

cc:    M. Evans
       file

(7)



**ER 34**

# OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

Pg. 8 of 22

CASE #_____

| Name: Wilson | Chet | | 15009704 | Housing: Leave | Assignment: Trans Leave |
|---|---|---|---|---|---|
| Last | First | MI | SID | | |

ODOC Facility: PRCF　Location of Violation: Lane County　Date: 5/27/2010　Time: 3:00pm

**Charge (s) WRITE IN THE APPROPRIATE RULE (S)**

| 4.02 | Disobedience of an Order II | Major | | | |
|---|---|---|---|---|---|
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |

Description of violation:

Inmate Wilson violated Transitional Leave conditions . See PO report dated 6/23/10 for details.

**General Condition #7:** "Change neither employment nor residence without the prior permission from the department of corrections or a county community corrections agency." PO Johnson reports that Wilson had permission to stay with his father four nights a week and his girlfriend three nights a week. PO Johnson received information that Wilson had been staying at residences other than his father's and girlfriend's house. Wilson was not approved to reside anywhere other than his father's and girlfriend's home.

**Special Condition #2:** "Abstain from the use of alcohol and other intoxicating substances. Do not enter a business or establishment where the primary purpose is the sale of alcoholic beverages or gambling." On 5/24/10 Wilson admitted to PO Johnson that he had been in a bar and out past his curfew.

Disposition of Physical Evidence: Transitional Leave Conditions, PO report dated 06.23.2010.

Staff Witnesses: PO Adam Johnson　　　　　　　　　　　　　DISMISSED　8/5/10

Immediate Action Taken: O was detained

| Submitted by: | Ryan Marvin | | Counselor | 1645 | 06.23.2010 |
|---|---|---|---|---|---|
| | Printed Name | Signature | Title | Time | Date |
| Reviewing Supervisor: | Ron Miles | | TSM | | |
| | Printed Name | Signature | Title | Time | Date |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PLACED IN HOLDING STATUS\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

As Officer-in-Charge, I have reviewed the foregoing Misconduct Report and find that the rule violation (s) is/are of such a serious nature that good order and security of the facility require immediate removal of the inmate and placement in segregation status because: _____

Placed in Segregation by:

| | Printed Name | Signature | Title | AM/PM Time | Date |
|---|---|---|---|---|---|

Pre-Hearing Segregation Approved ☐ Denied ☐ Release Ordered ☐

| Inmate Copy Delivered by: | | | c/o | 6-25-10 620 um | |
|---|---|---|---|---|---|
| | Printed Name | Signature | Title | Time/Date Served | |

FAX TO -　ATTN. LARRY ROLOFF
MY ATTY. :　541-686-8751

(8)

COPY

CD 1432

**ER 35**



Oregon Department of Corrections (ODOC)

**Mission:** To promote public safety by holding offenders accountable for their actions and reducing the risk of future criminal behavior

## Disciplinary Hearing

Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Wilson, Chet Michael | **Case #:** | 1005 PRCF 0027 DRCI 20 |
| **SID:** | 15009704 | **Date(s) of Hearing:** | 07/02/2010, 08/05/2010 |

**Rules Charged**

4.02  -  Disobedience of an Order II

**Plea**

Deny

**Procedural Points**

Inmate received a copy of the Misconduct Report, Notice of Hearing, Notice of Inmate Rights in a Hearing and Rules of Prohibited Conduct. The inmate acknowledged understanding the Misconduct Report and Inmate Rights in a Hearing.

Hearings Officer postponed the hearing because additional investigation was necessary in this case. The hearing was reconvened and concluded on 08/05/10.

**Finding of Fact**

**Ultimate Findings of Fact and Conclusions**

Rule 4.02, Disobedience of an Order II, is Dismissed Without Prejudice.

Please Note: Additional investigation is necessary in this case. Per items submitted into evidence, the "bar" I/M Wilson was observed to be present at appears to have been the Traveler's Cove Gourmet Cafe in Florence, Oregon. Per the manager there, food sales represent 80% of total sales, and they have a small bar which makes up for the rest. Thus, the primary purpose of the business/establishment does not appear to be the sale of alcoholic beverages or gambling. In addition, the manager also submitted testimony stating that I/M Wilson never sat at the bar and never consumed alcohol on the day(s) in question.

Additional evidence was submitted that indicated I/M Wilson may have also visited the The Bay Street Grille in Florance, Oregon. Two employees from that restaurant submitted testimony into evidence stating that the establishment is a family restaurant and that at no time did I/M Wilson sit at the bar or consume alcohol.

Also, a copy of a sheet of notebook paper was submitted into evidence, purported by I/M Wilson at his hearing to be written by I/M Wilson and then signed by his P.O., Adam Johnson, that stated I/M Wilson could stay "where he wants...as long as he calls and leave me a message...3 days a week with approval." At his hearing, I/M Wilson stated that he wrote the note, except for the part stating "3 days a week with approval," which he stated PO Johnson wrote in before he signed off on the document.

To the Author: You may submit a new misconduct report and provide the correct charges and/or additional information necessary. Remember, it is your responsibility to include any evidence relevant to the re-submitted case, including any evidence that may have been originally provided with the case Dismissed Without Prejudice, if you wish it to be considered at the hearing.

**Preliminary Order**

(9)

COPY

Produced by HENDRICK,10/06/2010 10:30:29 AM

Confidentiality Notice: This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

ER 36

**From:** Sturdevant Pete  —  HEARINGS OFFICER & WITNESS WITH
**Sent:** Wednesday, September 01, 2010 10:51 AM                    SAM NAGY
**To:** Hendricks Kimberly L
**Cc:** Nagy Sam M; Fritz Scott A                              Pg. 10 of 22
**Subject:** Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

Kimberly this case probably needs to be looked. I've been asked several times here by DRCI staff
and the inmate as well what is going on with this inmate. He returned to CCCF late May on an
alleged transitional Leave violation out of PRCF. Sam Nagy postponed the case in June at the
Inmate Wilson"s request. Inmate got transferred here to DRCI and I assisted Mr. Nagy by running
the phone for him and supervising the inmate. Mr. Nagy dismissed the alleged rule violation (I
believe it was a Disobedience of an Order charge) on 8/5/10 without prejudice to the inmate. As
far as I know the Lane County Parole/Probation Officer never resubmitted the Transitional Leave
violation report and the Counselor Ryan Marvin who submitted the actual DR based on the P.O.'s
report hasn't resubmitted a Misconduct report. No violation was found (case was DWOP'd) and
the inmate is still living here at DRCI scratching his head along with some command staff around
here wondering what went wrong. This probably needs to be looked into. I agree with Mr.Nagy's
decision to DWOP the charge as I sat in on the hearing. Inmate had an attorney get the PO to
submit a memo which undermined the original Trans. Lve violation report. Inmate tells me he
thinks his Trans Lve was revoked despite the charge being dismissed! I would like to know what
happened as well as Mr. Nagy and I do most of the Trans. Lve. Violation cases for DOC.



( 10 )

COPY

**ER 37**

Case 6:12-cv-02149-KI   Document 2-1   Filed 11/27/12   Page 11 of 22   Page ID#: 27

. Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20    Page 1 of 1

Pg. 11 of 22

### Steward Heidi R

**Subject:** FW: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

**From:** JOHNSON Adam [mailto:Adam.JOHNSON@co.lane.or.us]
**Sent:** Thursday, September 02, 2010 3:16 PM
**To:** Steward Heidi R
**Subject:** RE: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

I remember this. Wilson brought this note to me because he stated his dad was unhappy about his not being at home everyday. It is normal for us to give out three nights pass once the offenders are working. The original note Wilson wrote and brought to me stating that he could stay where he wants. I then added the part about only 3 nights a week and with approval. Wilson only had approval to stay at his girlfriends. He also admitted that he had been at a friends house in Eugene and that had never been approved by me. The purpose of the letter was only to satisfy his father that he did have the chance to be out three nights a week with prior approval from me. Wilson showed me this at our accountability meeting while I was busy with about 30 other people. I should have had him come back to my office so I could have thought it through better.

**From:** Steward Heidi R [mailto:Heidi.R.Steward@doc.state.or.us]
**Sent:** Thursday, September 02, 2010 3:04 PM
**To:** JOHNSON Adam
**Subject:** FW: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

Here is what the "memo" said. Did you write this? If not, we'll need to dig into this a little more.

**From:** Taylor Denise
**Sent:** Thursday, September 02, 2010 2:20 PM
**To:** Steward Heidi R; Booth Cindy D; Fritz Scott A; Hendricks Kimberly L
**Cc:** Sturdevant Pete; Nagy Sam M; Evans Mark K; Hanson Jeff
**Subject:** RE: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

Heidi: I have a copy of a handwritten statement allegedly from Adam Johnson that reads: "I Adam Johnson allow Chet Wilson to stay where he wants with clean and sober people as long as he calls and leaves me a message. 3 days a week with approval." An illegible signature follows on a line marked with and X.

The misconduct report states that the PO gave him permission to stay with his father 4 nights a week and his girlfriend 3 nights a week. "PO Johnson received information that Wilson had been staying at residences other than his father's and girlfriend's house." and "On 5/24/10 Wilson admitted to PO Johnson that he had been in a bar and out past his curfew." ~FABRICATED~

The PO also reported, as quoted in Ginger's denial letter, that the offender had been "behaving marginally" while on TL.

Let me know if you want any of the file scanned and e-mailed to you.

Denise Taylor
503 945-9055

*Don't believe everything you think.*



— WHY WOULD / ADMIT TO
BEING IN A BAR WHICH
IS NOT A BAR? ALSO /
HAVE DOCUMENTATION IN A
LETTER AS WELL AS
WITNESSES THAT PROVES /
WAS NOT DESIGNATED DRIVER
AND WAS AT MY GIRLFRIENDS
APT. DEFINE CURFEW. MY
P.O. KNEW THIS AS MY DAD
TOLD HIM PRIOR TO SUBMITTING
ALLEGATIONS. KNOWING ALL
THIS TO BE FALSE FROM THEIR
PHONE CONVERSATION ON 5/24/10
AND 5/29/10.

11/1/2010



COPY R 38

Caseload: 01807    MARK EVANS-MOD/HIGH ACRS
Offender: **15009704** Wilson, Chet Michael

**PG. 12 of 22**

| 5/27/2010 | Telephone | Offender | SC |

o says he spaced out seeing me today, stayed w/ friend in egn last nite;
advised i'm not in fl anyway, reminded him he needed to see adam tonite

MAZIKOWS                    5/27/2010

THE PART IN THIS SHOWING SHE WASN'T COMING TO
(FL) FLORENCE; THE PLACE OF REGULAR MEETINGS THURSDAY
MORNINGS ANY WAY WASN'T SUBMITTED. ONLY THE FIRST PART WHICH
IS DEFORMATION OF CHARACTER AND SIMULATION OF EVIDENCE.
THEN, AFTER TALKING TO MS. MAZIKOWSKI WITH PLENTY OF TIME
TO STILL MAKE THE ABOVE MENTIONED MEETING, CALLED ADAM JOHNSON
& ASKED IF HE WANTED ME TO MAKE IT UP WITH HIM. HE SAID NO
HE'D SEE ME AT THE ACCOUNTABILITY MTG, THAT NIGHT WHERE I
WAS ARRESTED. I EXPLAINED THE SITUATION OF HER CANCELLING
HER APPTMTS IN FLORENCE THAT DAY — I DID NOT EVER TELL HIM
I MISSED AN APPT. THAT DIDN'T EXIST — THATS REDICULOUS AS IS THE
OTHER FABRICATED AND SIMULATED EVIDENCE SUBMITTED AS WELL AS
THAT WHICH WAS KNOWN TO BE FALSE YET STILL SUBMITTED. THIS IS
ALL OBSTRUCTING MY RIGHT TO DUE PROCESS.

I HAVE MANY MORE
DOCUMENTS TO SUBMIT.

(12)

COPY

**ER 39**

*Larry R. Roloff*
*Attorney at Law*
*132 East Broadway, Suite 233*
*Eugene, Oregon 97401*
*Telephone (541) 686-8695*
*Fax (541) 686-8751*

PG. 13 of 22

October 12, 2010

Ginger Martin
2575 Center Street, North East
Salem, Oregon 97301

RE:    Chet Michael Wilson, SID No. 15009704
       Termination of Transitional Leave

Dear Ginger:

As you may recall, I spoke with you on the telephone approximately a week or ten days ago regarding follow-up on my concerns about the handling of the termination of Mr. Wilson's transitional leave. You indicated to me I would be receiving a response from Mr. Hansen regarding this matter and that you, in fact, had directed him to contact me some time ago. As of this date, I have had no communication whatsoever or any response regarding my expressed concerns and attempt to rectify which I feel is an inappropriate and mishandled termination of Mr. Wilson's transitional leave.

On June 14, 2010, I provided you with information which clearly refuted the initial allegations that caused Mr. Wilson to be terminated from his transitional leave. As I understood the facts he was alleged to have been in a "bar" and that he was noncompliant with the directions of his probation officer concerning his location and residence. I provided photographic and testimonial evidence from the owner of the establishment clearly showing the premise was a family restaurant, not a bar, with its primary purpose not to serve alcohol. I am enclosing once again the letter from his probation officer which is self-explanatory and clearly indicates the allegations of residence issues were also refuted.

Finally, I am enclosing a photocopy of an e-mail which I obtained from Mr. Sturdevant which outlines precisely the same concerns that I address initially. I would ask you to review the e-mail which is addressed to Kimberly Hendricks dated September 1, 2010. Not only does there appear to be substantive error in this case, but the procedure followed does not seem to comport with any rules and regulations that would provide due process or following the rules that would be appropriate for transitional leave termination. Mr. Wilson was terminated, his rights to a hearing were neglected, a subsequent hearing basically determined that the allegations were dismissed and this whole affair is quite extraordinary in its deficiencies.

INCLUDED
PG. 15 of
EXHIBIT #5



(13)



COPY
ER 40

PG. 14 of 22

Ginger Martin
RE:    Chet Michael Wilson – SID No. 15009704
October 12, 2010
Page Two


Once again, I'm asking you or someone at the Department of Corrections look into this matter and respond to alleviate what I believe is a total miscarriage of justice and the inherent fairness and rights that should be awarded Mr. Wilson.

As you know, I am a strong supporter of the AIP programs and utilize them extensively in settlement negotiations with the State. I am in constant contact with Morgan DeClerkque who is very helpful. It is very discouraging to see this situation develop with Mr. Wilson. In thirty eight years of practicing law, I have never encountered a situation like this.

Finally, a Petition of Habeas Corpus has been prepared and if no appropriate response is heard within ten (10) days of the date of this letter, we will proceed to file the Writ and pursue any other legal avenues available to Mr. Wilson to look into this situation and rectify it to his benefit.

I am hoping to hear from you in the near future and we are able to resolve this matter expeditiously. Thank you for your consideration.

Sincerely yours,



Larry R. Roloff

LRR/br/wilson(gingermartin-10-10)

enclosures

c: Chet Michael Wilson-enclosures
   Bradley S. Wilson-enclosures



(14)

ER 41

Oct 27 2010 3:23PM    HP LASERJET FAX    P 3

# OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

Pg. 15 of 22

CASE # _____

| Name: WILSON | CHET | | 15009704 | Housing: _____ | Assignment: Trans Leave |
| Last | First | MI | SID | | |

ODOC Facility: PRCF    Location of Violation: Lane County    Date: 10/25/2010    Time: Unknown

### Charge (s) WRITE IN THE APPROPRIATE RULE (S)

| 4.02 | Disob of Order II | Major | | | |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |
| | | | | | |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |
| | | | | | |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |

Description of violation (explain how you discovered/learned the facts and who, what, when, where and how. Use continuation sheet if needed): ~~Recibir pedido por escrito etapas escritas~~ / Transitional Leave Conditions:

THIS CASE IS BEING RESUBMITTED: I/M Wilson has failed to successfully complete transitional leave and appears to be in violation of the following rules:

I/M Wilson appears to be in violation of 4.02 (Disobedience of Order II) as demonstrated by the following. I/M Wilson violated transitional leave General Condition #7 (change neither employment or residence without prior permission...); transitional leave Special Condition #3 (Do not enter into establishments were alcohol is primary source of revenue); and transitional leave Special Condition #5 (abide by curfew imposed by PO) and transitional leave General Condition #13 (report as required and abide by the direction of supervising officer). Per PO report dated 06/23/10, Inmate Wilson called PO on 05/27/10 and reported that he missed his appointment with PO as he had stayed with a friend in Eugene. Per PO, Inmate Wilson did not have prior permission to stay anywhere other than his father or girlfriend's residence.

The following is from an E-mail from PO Adam Johnson to Heidi Steward explaining the permission that Wilson had to stay at the residences:

"From: JOHNSON Adam [mailto:Adam.JOHNSON@co.lane.or.us]
Sent: Thursday, September 02, 2010 3:16 PM
To: Steward Heidi R
Subject: RE: Inmate Chet Wilson # 15009704 Trans. Lve case 3 1005-PRCF-0027-CCCF 20

*I remember this. Wilson brought this note to me because he stated his dad was unhappy about his not being at home everyday. It is normal for us to give out three nights pass once the offenders are working. The original note Wilson wrote and brought to me stating that he could stay where he wants. I then added the part about only 3 nights a week and with approval. Wilson only had approval to stay at his girlfriends. He also admitted that he had been at a friends house in Eugene and that had never been approved by me. The purpose of the letter was only to satisfy his father that he did have the chance to be out three nights a week with prior approval from me. "*

On 05/21/10, Inmate Wilson left PO a message asking permission to be out past curfew and to be a designated driver. Inmate Wilson was not given permission to go to a bar, stay out past curfew or be a designated driver. On 5/24/10, PO received a message from PO Mazlkowski that Inmate Wilson had been seen at a bar over the weekend. Per chrono dated 05/24/10, Inmate Wilson was seen at Rhoddy Days, a bar at Traveler's cove over the weekend by Reserve Officer Huff (see attached chrono). When Inmate Wilson was questioned by PO, he admitted he had been at a bar and was out past his curfew as he was the designated driver. PO reports that approximately two weeks prior to this incident, Inmate Wilson was reminded that he could not enter a bar while on transitional leave.

Disposition of Physical Evidence: None ←
Staff Witnesses: ~~illegible~~
Immediate Action Taken: Suspend and Detain Order Submitted/ Transitional Leave Revoked

| Submitted by: | R. Marvin | | Counselor | 14:28. | 10/27/2010 |
| | Printed Name | Signature | Title | Time | Date |



ER 42

EXHIBIT #5

**OREGON DEPARTMENT OF CORRECTIONS**

**INMATE COMMUNICATION FORM**

Pg. 16 of 22

TO: GINGER MARTIN                              Date: 7/14/10

State your issue in detail: I HAVE BEEN TRANSFERRED TO DRCI IN
MADRAS IN CASE YOU HAD ANY CORRESPONDENCE TO SEND
ME. I BRIEFLY SPOKE WITH MR. STURDEVANT HERE
AND HE STATED HE WOULD LOOK INTO TAKING OVER
MY HEARING IN ORDER FOR IT TO BE IN PERSON.
IF THERE IS ANY WAY YOU COULD HELP ARRANGE THIS
IT WOULD BE GREATLY APPRECIATED. ONCE AGAIN, I
THANK YOU FOR YOUR TIME AND INSIGHT.

PS. I ALSO HAVE A SIGNED DOCUMENT         — SINCERELY,
BY P.O. JOHNSON ALLOWING ME TO STAY AT
OTHER RESIDENCES OTHER THAN MY FATHERS
AND MY GIRLFRIENDS IF FOR PRODUCTIVE REASONS.         CHET WILSON
ALSO HE TOLD ME "IF I HAD SOMETHING PRODUCTIVE
TO DO, TO CALL HIM AND LEAVE HIM A MESSAGE BUT
CANT EXPECT HIM TO CALL ME BACK" HE TOLD ME THIS
BECAUSE I TOLD HIM I WAS CONCERNED I WAS BOTHERING
HIM BY CALLING TO MUCH. I DID THIS SEVERAL TIMES AND WASNT AN ISSUE UNTIL NOW.

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| CHET MICHAEL WILSON | 15009704 | F 25S A |

Response/Action Taken: Mrs Martin does not have the
authority to schedule hearings or order hearings
officers to do hearings. We all use the same
computer system to locate inmates and you
should have received Mr. Martin's response to
your request for administrative review as it was
addressed to you at DRCI

Date Received: 7-21-10          Referred To*: _____

Date Answered: 7-21-10          Signature of Staff Member: Denise Taylor

*If forwarded, please notify the inmate

(16)

CD 214 (12/04)

## OREGON DEPARTMENT OF CORRECTIONS

Pg. 17 of 22

## INMATE COMMUNICATION FORM

TO: _GINGER MARTIN_                     Date: _8/6/10_

State your issue in detail: _MY ALLEGATIONS CHARGING ME WITH VIOLATION OF MY TRANS-LEAVE WERE DISMISSED BY HEARINGS OFFICER MR. NAGY ON 8/5/10. IN THE LETTER RECIEVED BY YOU DATED 7/13/10 AND BASED ON OLD INFORMATION STATED MY REQUEST FOR RETURN TO T.LEAVE WAS DENIED. WITH THE NEW FACTUAL INFORMATION WHICH LED TO THE DISMISSAL OF MY CHARGES IM SURE YOUR DECISION WILL CORROBORATE WITH THE FINDING OF FACT AND BASED ON THE PREPONDERANCE OF EVIDENCE, AGREE WITH THE HEARINGS OFFICERS CONCLUSION OF THIS MATTER. WITH THIS INFORMATION I ASK THAT I BE RETURNED TO THE SAME STATUS AS BEFORE I WAS CHARGED AND BE RELEASED FROM DOC CUSTODY. I THANK YOU FOR YOUR TIME AND LOOK FORWARD TO YOUR RESPONSE. ALSO MY DOCUMENTS SHOW I AM BEING DETAINED & TRANS-LEAVE WASNT REVOKED._

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| CHET MICHAEL WILSON | 15009764 | F 255A |

Response/Action Taken: _As your Counselor and the Transitional Services Manager at DRCI have explained to you the Misconduct Report is a separate issue and process from the Alternative Incarceration Program's Transitional Leave. You have received the final word from Ginger Martin. This matter is now closed_

COPY

Date Received: _8-16-10_          Referred To*: _____

Date Answered: _8-18-10_          Signature of Staff Member _Denise Taylor_

*If forwarded, please notify the inmate

(17)

CD 214 (12/04)

**ER 44**

* SEE AIR SANCTIONS (911-030-0070 (1-1) & MICH. #15 ALSO NEVER RECIEVED NOTICE OF ALWTA Form (00-1447) AS OF 291-058-0040 -(4)

## OREGON DEPARTMENT OF CORRECTIONS Pg. 18 of 22
### INMATE COMMUNICATION FORM

TO: _Mr. Fritz_      Date: _8/5/10_

State your issue in detail: _I TALKED TO CAPTAIN MANU TONIGHT AFTER THE RESOLUTION OF MY HEARING AND HE SAID HE WAS GOING TO SEND YOU AN EMAIL TO GET THE BALL ROLLING ON MY RELEASE AS MY M.R. WAS FROM MY 90 DAY TRANS LEAVE PERIOD AFTER MY RELEASE FROM PRCF ON 3/29/10. MY SON'S 4TH BIRTHDAY IS THE 29TH OF THIS MONTH AND IM WORRIED IF I DON'T GET ON THIS I MAY MISS THE THIRD OF HIS B-DAYS IN A ROW. I HAVE A HUGE SUPPORT GROUP AND FAMILY, NUMEROUS JOBS AND MANY RESPONSIBILITIES. DO YOU HAVE TIME TO MEET WITH ME AND ANSWER A FEW Q's. IS THERE ANYONE ELSE I COULD CONTACT TO SPEED THIS RELEASE PROCESS UP? IF YOU CAN HELP ME IN ANY WAY IT WOULD BE GREATLY APPRECIATED. THANK YOU SO MUCH FOR YOUR TIME._

SINCERELY, CHET WILSON

| **Inmate Committed Name (first middle last)** | **SID#** | **Housing Unit** |
|---|---|---|
| Chet Michael Wilson | 15009704 | F-255A |

Response/Action Taken: _The misconduct dismissal has no bearing on your revocation. Your Projected Release date of 12/5/11 is still valid. You can appeal your revocation by writing Jeff Hanson at the DOME Building in Salem._

COPY

Date Received: _8/6/10_     Referred To*: _____

Date Answered: _8/6/10_     Signature of Staff Member: _____

*If forwarded, please notify the inmate

(18)

CD 214 (12/04)

ER 45



## OREGON DEPARTMENT OF CORRECTIONS
## INMATE COMMUNICATION FORM

Ph. 19 of 22

TO: _Mr. DeCamp / Functional Unit Manager_    Date: _8/5/10_

State your issue in detail: _I EXPECT THAT YOU SHALL RECIEVE THE PRELIMINARY_
_ORDER SHORTLY CONTAINING THE HEARINGS OFFICER'S FINDINGS OF DISMISSAL ON_
_THE ALLEGATIONS SUPPORTING MY CURRENT DETAINMENT. I AM REQUESTING THAT_
_I BE RELEASED AS I HAVE BEEN IN CUSTODY FOR NEARLY 2½ MONTHS ON THE_
_ALLEGATIONS WHICH ARE NOW DISMISSED. IT WAS FOUND THAT BY PREPONDERANCE_
_OF EVIDENCE SHOWS I DID NOT COMMIT THE VIOLATION AND NOW WISH TO BE_
_RESTORED TO THE STATUS AND PRIVELEGES AS BEFORE THE CHARGES AND BE_
_CONTINUED ON MY TRANS-LEAVE PERIOD OR RELEASED ON PPS TO LANE COUNTY._
_I HAVE A HUGE SUPPORT GROUP IN MY COMMUNITY AND MY SON'S 4TH BIRTHDAY IS_
_ON THE 29TH. I HAD SPENT 2 YRS INCARCERATED IN DOC CUSTODY PRIOR TO_
_MY RELEASE ON TRANS-LEAVE FROM PRCF ON 3/29/10. THIS WILL BE THE_
_THIRD OF MY SON'S B-DAYS I HAVE MISSED IN A ROW IF I AM NOT RELEASED._
_I AM A CONTRIBUTING MEMBER OF MY COMMUNITY AND HAVE MANY RESPONS-_
_IBILITIES TO MAINTAIN. THANK YOU SINCERELY FOR YOUR TIME AND INSIGHT._

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| _CHET MICHAEL WILSON_ | _15009704_ | _F-256A_ |

Response/Action Taken: _As I have stated in my previous hyto._
_I contacted PRCF when your misconduct was dismissed._
_They stated that the misconduct is seperate from the_
_revocation, which is at the superintendents discretion._
_I also informed you that there is an appeal process_
_by hyting Jeff Hansen at the Bone Building._
_PRCF deals with transition leaves on a daily basis_
_and know the process for revocation._

COPY

Date Received: _8/9/10_    Referred To*: _FRITZ_

RECEIVED
AUG 06 2010
DRCI Superintendent's Office

Date Answered: _8/9/10_    Signature of Staff Member: _[signature]_
*If forwarded, please notify the inmate

(19)

CD 214 (12/04)

ER 46

**OREGON DEPARTMENT OF CORRECTIONS** Pg. 20 of 22
**INMATE COMMUNICATION FORM**

TO: _Mr. Fritz_      Date: _8/7/10_

State your issue in detail: _I MET WITH MR. LORANCE YESTERDAY AND HE TOLD ME THAT HE RECIEVED A MEMO FROM HIS SUPERVISOR STATING THAT EVEN THOUGH I HAD ALL MY CHARGES DISMISSED, THAT IN ESSENCE THAT DOESN'T SUBJECT ME TO BEING REINSTATED ON TRANS-LEAVE. WHAT I GOT OUT OF THAT IS I AM BEING PUNISHED FOR ALLEGATIONS THAT WERE PROVEN BY PREPONDERANCE OF EVIDENCE THAT THE INFORMATION WAS FALSE WHICH CAUSED MY DETAINMENT, NOT REVO- CATION. I HAVE READ ALL THE OARS AND ALL THAT I HAVE FOUND IS THAT THUS FAR MY RIGHTS HAVE BEEN VIOLATED BY MY P.O. AND HARDLY ANY OF THE OARS HAVE BEEN FOLLOWED. I WANT A COPY OF THE OAR ALLOWING ME TO BE HELD AND PUNISHED FOR AN ALLEGED VIOLATION FOUND TO BE NOT COMMITTED. ALL I HAVE FOUND IS I AM SUPPOSED TO BE RESTORED TO THE SAME STATUS AND PRIVILEGES AS BEFORE I WAS CHARGED. I WANT TO KNOW WHERE THE INFORMATION STATES DIFFERENTLY. IS THERE SOME HIDDEN POLICY I AM NOT AWARE OF? IF SO, I AM ~~EXPRESSLY~~ ASKING FOR DOCUMENTATION_

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| CHET MICHAEL WILSON | 15009704 | F-255A |

Response/Action Taken: _You have access to the law library and OAR's. I sent your to Kyte back advising you could appeal your revocation to Jeff Hanson at the DCMS building. As we do not do transitional leaves I spoke to PRCF to ensure what the process was once your misconduct was dismissed. They stated your revocation and misconduct are separate and gave me the appeal process I have described to you_

Date Received: _8/9/10_      Referred To*: _____

Date Answered: _8/9/10_      Signature of Staff Member: _____
*If forwarded, please notify the inmate

**(20)**

CD 214 (12/04)
**ER 47**

PG 21 of 22



**Oregon**
John A. Kitzhaber, M.D., Governor

**Department of Corrections**
Deer Ridge Correctional Institution
3920 E Ashwood Road
Madras, OR 97741
(541) 325-5999
FAX: (541) 3250-5933
www.doc.state.or.us

8/16/2010

Chet Wilson #15009704   *FF255A*
Deer Ridge Correctional Institution
3920 E Ashwood Rd
Madras, OR 97741

RE: Hotline complaint dated 8/6/2010

This letter is in response to your hotline complaint dated 8/6/2010 in which you state that your transitional leave was revoked, but that since your misconduct was dismissed without prejudice you feel you should be released.

As I have stated in two previous responses regarding this issue, I contacted PRCF to inquire about the process in this case. PRCF advised me that a transitional leave revocation and the misconduct are separate. Your revocation is at the discretion of the PRCF Functional Unit Manager. The fact that your misconduct was dismissed has no bearing on your revocation. I also informed you that an appeal process exists and that you needed to kyte Mr. Jeff Hanson at the Dome Building. It appears from the hotline complaint that you have not done this yet.

You also request in your hotline complaint that we contact your attorney. We will not be contacting your attorney regarding this or any other issue. It is your responsibility to work with your attorney and/or the court system regarding your legal matters. As mentioned above, an appeal process is in place for issues of this nature and it is your responsibility to follow the proper process.

Sincerely,

Scott Fritz, Transition Service Manager

*ONLY CALL ANSWERED TO INSPECTER GEN. - 3 more CALLS WERE MADE STATING SPECIFIC LAWS WHICH WERE VIOLATED AND PEOPLE INVOLVED IN THE MONTH of NOV. 2010 WITH NO RESPONSE. I ASKED ALSO for AN INTERVIEW TO SUPPORT my ALLEGATIONS w/ no RESPONSE.*

Cc:    John Yeakey

(21)

COPY

ER 48



# Oregon

Theodore R. Kulongoski, Governor

**Department of Corrections**
Transitional Services Division
2575 Center Street NE
Salem, OR 97301-4667
Phone: 503-945-9055
FAX: 503-373-1173

August 24, 2010



Chet Michael Wilson
15009704
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, Oregon 97741

Dear Mr. Wilson:

This letter is in response to your letter to Jeff Hanson requesting that you be released and that your transitional leave be reinstated.

You have exhausted all of your possible remedies with the department on this matter. Ms. Martin has the final word on Alternative Incarceration Program administrative reviews. You seem not to understand that the answer has been provided to you and explained to you by a number of different people and that not accepting that will not change answer.

Anyone in the department to whom you write about this matter will forward your inquiry to Ms. Martin's office because she has the authority and responsibility for these decisions. As I stated in my last correspondence, this matter is closed. Any further communications with the department about your instatement to or failure from transitional leave will receive no response.

Sincerely,

*Denise Taylor* — HAS INTERCEPTED ALL MY
CORRESPONDENCE WITH GINTHER MARTIN
AND JEFF HANSON CONSPIRING TOGETHER WITH
THEM TO OBSTRUCT DUE PROCESS AND MY RIGHTS.
(KITES AS WELL AS LETTERS MARKED LEGAL MAIL)

Denise Taylor
Management Assistant

cc:    file

COPY

(22)

ER 49

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

RECVD 27 NOV '12 10:34 USDC-ORP

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff **LANE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **LANE**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

N/A

Attorneys (If Known)

6:12 - CV - 2149    KI

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1983

Brief description of cause:
OBSTRUCTION OF JUSTICE / CRIMINAL CHAIN CONSPIRACY

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

**ER 50**

APPEAL,IFP,PPS,PR1983,TERMINATED

**U.S. District Court**
**District of Oregon (Eugene) (6))**
**CIVIL DOCKET FOR CASE # 6:12–cv–02149–KI**

Wilson v. Copperwheat et al
Assigned to: Judge Garr M. King
Demand: $400,000
Case in other court:  9th Circuit, 13–35154
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 11/27/2012
Date Terminated: 01/17/2013
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Chet Michael Wilson**                   represented by   **Chet Michael Wilson**
                                                          3415 Oak Street
                                                          Florence, OR 97439
                                                          PRO SE

V.

**Defendant**

**Joan Copperwheat**
*Director of Lane Co. Parole and*
*Probation*

**Defendant**

**Adam Johnson**
*Lane Co. Probation Officer*

**Defendant**

**Ryan Marvin**
*ODOC Counselor at P.R.C.F.*

**Defendant**

**Ronald B. Miles**
*Designated Reviewing Supervisor at*
*P.R.C.F.*

**Defendant**

**M. Calaway**
*Designated Reviewing Supervisor at*
*P.R.C.F.*

**Defendant**

**Ginger Martin**
*Asst. Director of Transitional Leave*
*Services*

**Defendant**

**Jeff Hanson**
*Transitional Leave Services Specialist*

**Defendant**

**Denise Taylor**
*Management Asst. of Transitional Leave*
*Services*

**Defendant**

**ER 51**

**Kimberly Hendricks**
*Hearings Administration*

**Defendant**

**Heidi R. Steward**
*Hearings Administration*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2012 | 1 | Application for Leave to Proceed IFP. Filed by Chet Michael Wilson. (gw) (Entered: 11/30/2012) |
| 11/27/2012 | 2 | Complaint. Jury Trial Requested: Yes. Filed by Chet Michael Wilson against M. Calaway, Joan Copperwheat, Jeff Hanson, Kimberly Hendricks, Adam Johnson, Ginger Martin, Ryan Marvin, Ronald B. Miles, Heidi R. Steward, Denise Taylor. No page 1 submitted. (Attachments: #1 Exhibits, #2 Civil Cover Sheet). (gw) (Entered: 11/30/2012) |
| 11/27/2012 | 3 | Motion for Appointment of Counsel. Filed by Chet Michael Wilson. (Attachment: #1 Affidavit of Indigence) (gw) (Entered: 11/30/2012) |
| 11/30/2012 | 4 | **Notice of Case Assignment:** This case is assigned to Judge Garr M. King. (gw) (Entered: 11/30/2012) |
| 11/30/2012 | 5 | Clerk's Notice of Mailing to Chet Michael Wilson of Case Assignment Notice 4 . (gw) (Entered: 11/30/2012) |
| 01/17/2013 | 6 | **ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS.** Plaintiff's provisional *in forma pauperis* status is CONFIRMED. However, plaintiff's complaint is DISMISSED for failure to state a claim. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal is with prejudice. Plaintiff's motion for appointment of counsel 3 is DENIED. This court certifies that any appeal from this order is not taken in good faith. See 28 U.S.C. § 1915(a)(3). IT IS FURTHER ORDERED that plaintiff shall pay the $350.00 filing fee when funds exist. Signed on 1/17/2013 by Judge Garr M. King. (gw) (Entered: 01/18/2013) |
| 01/17/2013 | 8 | **Judgment.** IT IS ORDERED AND ADJUDGED that this Action is DISMISSED, with prejudice. Signed on 1/17/2013 by Judge Garr M. King. (gw) (Entered: 01/18/2013) |
| 01/18/2013 | 7 | Clerk's Notice of Mailing to Oregon Department of Corrections Central Trust Unit of Order to Proceed In Forma Pauperis and to Dismiss 6 . (gw) (Entered: 01/18/2013) |
| 01/18/2013 | 9 | Clerk's Notice of Mailing to Chet Michael Wilson of Order to Proceed In Forma Pauperis and to Dismiss 6 and Judgment 8 . (gw) (Entered: 01/18/2013) |
| 03/01/2013 | 10 | Notice of Appeal to the 9th Circuit from Judgment 8 . Filed by Chet Michael Wilson. (ljb) (Entered: 03/04/2013) |
| 03/08/2013 | | USCA Case Number and Notice confirming Docketing Record on Appeal re Notice of Appeal 10 . **Case Appealed to 9th Circuit Case Number 13–35154** assigned. (ljb) (Entered: 03/11/2013) |
| 03/08/2013 | 11 | Order from USCA for the 9th Circuit re Notice of Appeal 10 . Within 21 days from the date of this order, appellant shall: 1)file a motion with this Court to proceed in forma pauperis; 2)pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment to this Court; or 3)otherwise show cause why the appeal should not be dismissed for failure to prosecute. (ljb) (Entered: 03/11/2013) |
| 03/08/2013 | 16 | Order from USCA for the 9th Circuit, re Notice of Appeal 10 directing appellant to pay the filing fee or file an IFP application within 21 days. (cp) (Entered: 03/18/2013) |

**ER 52**

| 03/11/2013 | 12 | Motion for Extension of Time. Filed by Chet Michael Wilson. (Attachment: # 1 Proposed Order) (gw) (Entered: 03/12/2013) |
| 03/11/2013 | 13 | Affidavit of Chet Michael Wilson in Support of Motion. Filed by Chet Michael Wilson. (Related document: Motion for Extension of Time 12 .) (Attachment: # 1 Attachment #1 – Notice of Appeal) (gw) (Entered: 03/12/2013) |
| 03/14/2013 | 14 | **ORDER:** Plaintiff's Motion for Extension of Time to File Notice of Appeal 12 is DENIED AS MOOT. Plaintiff is advised that the Notice of Appeal he submitted to the Ninth Circuit was forwarded to this court and filed on 3/1/13. The appeal is now pending in the Ninth Circuit (Case No. 13–35154). Ordered by Judge Garr M. King. (prslc2, ) (Entered: 03/14/2013) |
| 03/14/2013 | 15 | Clerk's Notice of Mailing to Chet Michael Wilson of Order 14 . (gw) (Entered: 03/14/2013) |
| 03/18/2013 | 17 | Motion for Leave to Appeal *in forma pauperis.* Filed by Chet Michael Wilson. (Attachment: # 1 IFP application) (gw) (Entered: 03/19/2013) |
| 03/18/2013 | 18 | Declaration of Chet Michael Wilson. Filed by Chet Michael Wilson. (Related document: Motion for Leave to Appeal *in forma pauperis* 17 .) (gw) (Entered: 03/19/2013) |
| 04/01/2013 |  | Partial Filing Fee in amount of $9.95 collected; Receipt No. 51655 issued. (ljc) (Entered: 04/02/2013) |
| 06/05/2013 |  | Partial Filing fee in amount of $ 1.52 collected; Receipt No. 52580 issued. (msk) (Entered: 06/06/2013) |
| 06/20/2013 | 19 | Order from USCA for the 9th Circuit re Notice of Appeal # 10 : The district court has certified that this appeal is not taken in good faith. Our review of the record indicates that appellant is entitled to proceed in forma pauperis, and we grant the motion. The Clerk shall amend the docket to reflect this status. The court notes that appellant has a new address for service: 3415 Oak Street, Florence, Oregon 97439. Within 21 days after the filing date of this order, appellant shall notify the court whether he has been released or remains incarcerated. This appeal is stayed pending appellants compliance with this order. The Clerk shall serve this order on appellant at 3415 Oak Street, Florence, Oregon, 97439 and at Shutter Creek Correctional Institution # 15009704, 95200 Shutters Landing Lane, North Bend, Oregon 97459. (eo) (Entered: 08/12/2013) |

**ER 53**