No. 13-35154

_____
_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT
_____

CHET MICHAEL WILSON,

   Plaintiff-Appellant,

      v.

JOAN COPPERWHEAT, Director of Lane Co. Parole and Probation; et al,

   Defendants-Appellees.
_____

BRIEF OF AMICUS CURIAE
ATTORNEY GENERAL FOR THE STATE OF OREGON
Submitted as Amicus Curiae per Order of the Court dated May 8, 2014
_____

Appeal from the United States District Court
for the District of Oregon
_____

                ELLEN F. ROSENBLUM
                Attorney General
                ANNA M. JOYCE
                Solicitor General
                CECIL A. RENICHE-SMITH
                Senior Assistant Attorney General
                1162 Court St. NE
                Salem, Oregon 97301-4096
                Telephone: (503) 378-4402
                cecil.a.renichesmith@doj.state.or.us

                Attorneys for Amicus Curiae
                Attorney General for the State of Oregon

_____
_____

# TABLE OF CONTENTS

INTEREST OF THE ATTORNEY GENERAL ................................................. 1

ARGUMENT ......................................................................................................... 1

# TABLE OF AUTHORITIES

### Cases Cited

*Cervantes v. City of San Diego*,
   5 F.3d 1273 (9th Cir.1993) ................................................................................ 2

*Cherry v. Shedd*,
   543 Fed. Appx. 716 (9th Cir. 2013) ................................................................ 3

*Franklin v. Murphy*,
   743 F.2d 1221 (9th Cir. 1984) .......................................................................... 2

*Sopher v. Washington*,
   249 Fed. Appx. 520, 2007 WL 2827520, 1 (9th Cir. 2007) ........................... 3

### Constitutional & Statutory Provisions

28 U.S.C. § 1915(e)(2) ............................................................................................. 2

28 U.S.C. § 1915A(a) .............................................................................................. 2

28 U.S.C. § 1915A(b)(1) ......................................................................................... 2

28 U.S.C. §§ 1915(e)(2) ........................................................................................... 1

28 U.S.C. §§ 1915A ................................................................................................. 2

28 U.S.C. §§ 1915A(b)(1) ....................................................................................... 1

# INTEREST OF THE ATTORNEY GENERAL

On May 8, 2014, this court ordered the Attorney General for the State of Oregon to file an appearance in this case for purposes of briefing and argument. Appellate Docket 15. Because this appeal arises from an order of dismissal entered by the District Court before any of the named defendants had been served, the Attorney General appears as *amicus curiae* only, and the Attorney General's appearance is not a waiver of any challenges the state defendants might raise to either this court's or the District Court's jurisdiction.[1]

# ARGUMENT

This is an appeal from the District Court's dismissal of plaintiff's complaint on statute of limitations grounds. The District Court dismissed plaintiff's complaint at screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), after finding that plaintiff's claims became legally cognizable no later than August 24, 2010, more than two years before plaintiff filed his complaint. E.R. 14-16. On appeal, plaintiff argues that, under various theories, his claim did not become legally cognizable until December 5, 2010, at the earliest, less than two years before he filed his complaint in November 2012. App Br 23-43.

---

[1] Generally, the State of Oregon waives appearance in appeals from judgments of dismissal entered at screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

28 U.S.C. § 1915(e)(2) requires the district court to review complaints by plaintiffs proceeding *in forma pauperis*, and to dismiss any complaints that are frivolous or malicious; fail to state a claim on which relief may be granted; or seek monetary relief from a defendant who is immune from such relief. Under 28 U.S.C. §§ 1915A, when a prisoner files a complaint seeking redress from a governmental entity or officer or employee of a governmental entity, the district court shall review the complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The district court shall dismiss the complaint, or any portion of the complaint, at screening if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint that is filed outside the relevant statute of limitations period is subject to dismissal for failure to state a claim. *Franklin v. Murphy*, 743 F.2d 1221, 1228-29 (9th Cir. 1984). Dismissals on statute of limitations grounds at screening are disfavored, however, and this court has reversed judgments of dismissal at screening where it was at least arguable that the limitations period had been tolled or had not expired, but where the plaintiff was not given an opportunity to make such arguments. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993) ("[W]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with

the required liberality, would not permit the plaintiff to prove that the statute was tolled."); *see, also*, *Cherry v. Shedd*, 543 Fed. Appx. 716, 717 (9th Cir. 2013) (unpublished; reversing dismissal of complaint at screening on statute of limitations grounds, because it was not obvious from the complaint that the delayed discovery rule would not have applied to extend the limitations period); *Sopher v. Washington*, 249 Fed. Appx. 520, 2007 WL 2827520, 1 (9th Cir. 2007) (unpublished; reversing dismissal of complaint at screening on statute of limitations grounds, because the plaintiff had no opportunity to argue that the statute of limitations should have been equitably tolled).

This may be such a case. Liberally construing the complaint and its attachments, and giving plaintiff all benefit of the doubt, it is at least *arguable* that plaintiff's claims were not legally cognizable until sometime in December 2010. This court need not determine at this point whether, *as a matter of law*, the limitations period for plaintiff's claims had expired before he filed his complaint. Rather, the appropriate remedy is to remand to the District Court to allow the case to proceed past screening. If plaintiff successfully serves the named defendants, the defendants may appear and raise all available challenges and defenses to the complaint (including challenges based on the

applicable statute of limitations) in due course.[2] At that time, the District Court may determine in the first instance whether the arguments plaintiff raised here have merit.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General
ANNA M. JOYCE
Solicitor General

/s/ Cecil A. Reniche-Smith
CECIL A. RENICHE-SMITH  #961479
Senior Assistant Attorney General
cecil.a.renichesmith@doj.state.or.us

Attorneys for Amicus Curiae
Attorney General for the State of Oregon

CAR:hs1/6015158

---

[2] In addition to the state employees named as defendants in the complaint, plaintiff named two Lane County employees (Copperwheat and Johnson). It is unclear from the appellate record whether either of those defendants, or Lane County Counsel, was ever made aware of the original complaint, the dismissal, or this appeal.

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7), Federal Rules of Appellate Procedure, I certify that the Brief of Amicus Curiae Attorney General for the State of Oregon is proportionately spaced, has a typeface of 14 points or more and contains 768 words.

DATED: November 19, 2014

/s/ Cecil A. Reniche-Smith
_____
CECIL A. RENICHE-SMITH #961479
Senior Assistant Attorney General
cecil.a.renichesmith@doj.state.or.us

Attorney for Amicus Curiae
Attorney General for the State of Oregon

CAR:hs1/6015158

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2014, I directed the Brief of Amicus Curiae Attorney General for the State of Oregon to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Chet Michael Wilson
2264 24th St.
Florence, OR 97439

/s/ Cecil A. Reniche-Smith
CECIL A. RENICHE-SMITH #961479
Senior Assistant Attorney General
cecil.a.renichesmith@doj.state.or.us

Attorney for Amicus Curiae
Attorney General for the State of Oregon

CAR:hs1/6015158